```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| LAVOTTE SAUNDERS<br><br>      Plaintiff,<br><br>  v.<br><br>APOTHAKER ASSOCIATES, INC. and DAVID APOTHAKER<br><br>      Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 10-3170<br>      (JEI/KMW)<br><br>**OPINION** |

**APPEARANCES:**

KARF, KARF & CERUTTI, P.C.
Christine Elaine Burke and Ari R. Karpf
3331 Street Road, Suite 128
Two Greenwood Square
Bensalem, PA 19020
    Counsel for Plaintiff

APOTHAKER & ASSOCIATES
Kimberly F. Scian
520 Fellowship Road, Suite C 306
Mount Laurel, NJ 08054
    Counsel for Defendants

**IRENAS**, Senior District Judge:

    In this matter, Plaintiff alleges discrimination based on race and religion, which resulted in Plaintiff's wrongful termination.  Presently before the Court are Defendants' Motion for Summary Judgment and Plaintiff's Motion to Strike Defendants' Expert Report.  (Dkt. Nos. 36, 43)

**I.**

In the spring of 2010, Lavotte Saunders, a Muslim African American male, applied for a position with Apothaker & Associates, Inc. ("Apothaker").  (Pl.'s Facts at ¶¶ 1, 3)[1] Saunders was selected to interview twice for an open debt collector position.  (*Id.* at ¶ 1)[2]  At the interview, Saunders wore tradition Muslim attire, which consisted of a one-piece garment called a "thobe" and a headpiece called a "Keffiyeh". (*Id.* at ¶ 19)

About a week later, Saunders received an offer of employment.  (*Id.* at ¶ 7)  Both Saunders' application and offer of employment notified Saunders that Apothaker would perform a criminal background check.  (*Id.* Exs. L, S)  Saunders' continued employment would be contingent on the check.  (*Id.*)

On May 19, 2010, Saunders employment commenced, however, Apothaker had not yet completed the criminal background check. (*Id.* at ¶ 10)  On May 20, 2010, Saunders met David Apothaker while on lunch break.  (*Id.* at ¶ 16)  During this conversation, Saunders observed David Apothaker to appear visibly taken aback by Saunders' appearance because Saunders was the only employee at Apothaker to ever wear traditional Muslim attire.  (*Id.* at ¶ 18)

---

[1] Citations to "Facts" refer to the parties' obligation to supply Statements of Material Facts Not in Dispute pursuant to Local Rule 56.1.

[2] The Court notes that Defendants' Reply moves to strike Plaintiff's Opposition Brief as untimely and several paragraphs of Plaintiff's Responses to Defendants' Facts as unresponsive.  The Court need not address those objections because Defendants' Motion will be granted regardless.

Shortly after this exchange, Lynn-Anderson Downs, a human resources director, alerted Saunders that "Mr. Apothaker just ran a criminal background search on you.  Unfortunately, we have to terminate you."  (*Id.* at ¶ 23)  The criminal background search revealed that Saunders had been convicted of felony retail theft approximately five years previously.  (Def.'s Facts at ¶ 41)  Moreover, Saunders had not paid any of the $12,000 outstanding court ordered restitution.  (*Id.* at ¶ 44)  Saunders lost his job after less than two days of working at Apothaker.

Several weeks later, Saunders learned that several Apothaker employees had criminal records - including a felony conviction - but had not been fired.  (Pl.'s Facts at ¶¶ 31-33)  Apothaker maintains that there was no formal hiring policy, but instituted a policy of performing background checks for all new hires within the past few years.  (*Id.* at ¶¶ 61-63)

On June 22, 2010, Plaintiff Filed the Complaint.  On January 30, 2012, Defendants filed the Motion for Summary Judgment and on March 8, 2012, Plaintiff moved to strike defendant's expert report.[3]

**II.**

---

[3] The expert report opines that Apothaker was justified in firing Plaintiff for his felony retail theft conviction.  Because summary judgment will be granted without regard to the expert report, the Motion to strike will be dismissed as moot.

3

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed.R.Civ.P. 56(c)).  In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party.  *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

"'With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'"  *Conoshenti v. Public Serv. Elec. & Gas*, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting *Celotex*, 477 U.S. at 323).  The role of the Court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Id*. at 249.

### III.

Plaintiff initially brought claims for religion and race discrimination under Title VII and the New Jersey Law Against Discrimination ("LAD").  However, Plaintiff has abandoned his race discrimination claims.  (*See* Pl.'s Br. 4, n.1)

Claims of disparate treatment due to religious discrimination under Title VII are subject to the familiar *McDonnell* burden shifting analysis.[4]  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  First, Plaintiff must state a prima facie case.  Next, the burden shifts to Defendants to "articulate some legitimate, non-discriminatory reason for the employee's termination."  *Id.* at 802.  If Defendants succeed, Plaintiff may still avoid summary judgment by offering evidence that Defendants' proffered reason was merely a pretext for the termination.  *See Sarullo v. U.S. Postal Service*, 352 F.3d 789, 797 (3d Cir. 2003).

To state a prima facie case, Plaintiff must demonstrate that he (1) is a member of a protected class, (2) was qualified for the position held, (3) suffered an adverse employment action despite being qualified, and (4) under circumstances that give rise to the inference of discrimination, such as non-class members being treated more favorably.  *See id.*; *Abramson v.*

---

[4] Disparate treatment claims under the LAD are analogous to Title VII and will be analyzed together.  *See, e.g.*, *Dixon v. Rutgers State Univ. of N.J.*, 110 N.J. 432 (1988).

5

*William Paterson College of N.J.*, 260 F.3d 265, 281-82 (3d Cir. 2001).

Defendant does not dispute the first and third elements. Saunders, a Muslim, was part of a protected class, and Apothaker terminated Saunders' employment.

Defendant does argue, however, that Saunders cannot establish the second element because he was not qualified for the position. Under normal circumstances, hiring a candidate with full knowledge of his or her background and experience is prima facie evidence that the employee was qualified for the position sought. *See Hugh v. Butler County Family YMCA*, 418 F.3d 265, 268 (3d Cir. 2005). However, "this conclusion would, of course, be different if [Plaintiff] had not disclosed information regarding her qualifications or if she had misrepresented her qualifications." *Id.*

Here, Defendant hired Plaintiff, and Plaintiff commenced working, contingent on a subsequent criminal background check. (*See* Pl.'s Facts, Exs. L, S)  Although Plaintiff allegedly disclosed that he had been convicted of a misdemeanor, (*see* Def.'s Facts ¶ 15), upon completing the background check, Apothaker's management discovered that Saunders had, in fact, been convicted of felony retail theft and failed to pay the court ordered $12,000 restitution. In the debt collection business, Saunders' criminal history and failure to repay restitution

6

raised serious concerns with management for obvious reasons.

In response, Saunders does not argue that his felony conviction is irrelevant to the hiring process, but that other non-Muslim employees were hired despite criminal records.[5] While this argument may be pertinent in determining whether non-class members were treated more favorably than Saunders, the argument does not resolve the question of whether Saunders was qualified in the first place.[6] Moreover, Saunders' conviction and failure to pay restitution is arguably more severe than other Apothaker employees' records, which renders the comparison inapt.[7] Plaintiff has not carried his burden with respect to the second element.

Although this Court doubts that Saunders has established a prima facie case, even if this Court were to assume that he had,

---

[5] The Court notes that Plaintiff has not submitted evidence of other employees' religions.  While it may be true that they did not wear traditional Muslim attire, the clothes one wears does not determine whether one is a member of a protected class.  A Muslim that wears jeans and a T-shirt is afforded the same level of protection as a Muslim that wears traditional attire.  Without evidence to indicate that Apothaker's management treated non-Muslims more favorably, the fourth element cannot not satisfied.  However, the Court need not reach that issue because Plaintiff has failed to satisfy the second element.

[6] Plaintiff does not argue disparate impact.  "We have recognized that a company that refuses to hire an individual with a prior criminal conviction may violate Title VII if that policy has a disparate impact on members of a protected group." *West v. Prudential Ins. Co. of America*, 2011 WL 5822160, *2 (3d Cir. 2011).  Plaintiff has shown no disparate impact on Muslims due to refusing to hire based on prior felony convictions.

[7] Three other employees have been identified as having a criminal conviction: a felony drug possession from 2001, a misdemeanor utility theft, and driving with a suspended license.  (*See* Def.'s Facts ¶¶ 65-66; Pl.'s Facts ¶¶ 32-33)

Saunders' conviction and failure to repay restitution certainly qualifies as a legitimate non-discriminatory reason for Saunders' termination.  Saunders has been unable to rebut this evidence with a showing of pretext.[8]  Accordingly, Defendants' Motion for Summary Judgment will be granted.

### IV.

For the reasons set forth above, Defendants' Motion for Summary Judgment will be granted.  Plaintiff's Motion to Strike Defendants' Expert Report will be dismissed as moot.


Dated: 4/17/12

                                                 /s/ Joseph E. Irenas

                                              **JOSEPH E. IRENAS, S.U.S.D.J.**

---

[8] Saunders attempts to demonstrate pretext by intimating that David Apothaker has given different reasons for Saunders' termination.  Although David Apothaker's reasons have been formulated slightly differently throughout this litigation, the underlying reason for terminating Saunders has never changed: Saunders' criminal record.  Saunders' other arguments are equally unavailing.  For example, whether David Apothaker met Saunders on the first or second day of employment is irrelevant.  Assuming the facts as Plaintiff prefers - that David Apothaker met Saunders for the first time on day two - Saunders still has not established pretext.